The last argument today will be in case number 25411, Lee v. First Unum Life Insurance Company. Good morning, Your Honors. May it please the Court. My name is Jennifer Hess. I'm here on behalf of Plaintiff Appellant Mr. Lee. Firesign requires discretionary authority to originate in a planned term. I'm sorry, I'm having difficulty hearing you. Could you keep your voice up, please? Sure. Firestone requires discretionary authority to originate in a planned term, and Amara limits where the planned terms can originate. Applying those principles here, Unum is not entitled to deference based solely on a summary document, the SPD, that both grants discretion and unilaterally declares itself to be part of a plan. The SPD cannot be both the source of discretion and the source of its own authority under Firestone and Amara. Here, the governing plan instrument, the policy, contains no discretionary language. Under Firestone, de novo review is the default unless discretion is clearly granted in the plan itself. What's the policy? What are the documents that constitute the policy? I'm sorry, can you repeat the question? I couldn't hear you. What is the policy here? What are the documents that constitute the policy? There is a fully integrated complete contract clause that says it's the pages, the specifications of the policy, the application of the employer, and the application of the employee. The SPD is not listed. So what is the certificate and the SPD? They say they're part of the... The certificate and the SPD are together the SPD. So they're saying unilaterally that they're becoming part of the planned document, but that is contrary to what Amara allows. Amara says that the SPD cannot give rise to independent terms. It cannot independently give discretion. So is it only to the extent that the provisions in the SPD conflict with the policy document that they would be null, or in your view, are those documents just not part of the policy at all? They're not part of the policy because of the complete contract clause. So Amara requires that the discretionary authority is a planned term. The default is de novo. So if there's another document that's giving rise to discretion and that's not in the plan itself... In Amara, the SPD itself did not... Didn't say that it was part of the policy, which is what we have here. And I don't know how that makes... That changes things, but it does seem like it's a different situation. It's a very different situation because we have a complete contract clause here. This is a fully integrated policy that says what the documents are that control. And under Firestone, the discretion has to be in that planned document. There's also an amendment procedure that could have been used to add the SPD or discretionary language, which UNAM doesn't even argue was met here. So basically because the SPD is the only document granting discretion, UNAM prevails only if the SPD is a planned document. Because of that fully integrated complete contract clause, it defines the planned documents. It excludes the SPD. The SPD cannot be a planned document. Its unilateral assertion that's part of the plan can't override the complete contract structure. Is the certificate part of the policy? I'm sorry, can you say that again? I couldn't hear you. Is the certificate part of the policy? The certificate is part of the SPD. It states that it's part of the SPD. Is the certificate part of the policy? No, it is not part of the policy because it's not listed in the complete contract clause. It's what? It's not listed in the complete contract clause here. So it is not part of the policy. So under AMARA, an SPD is just a summary. It can't create, alter, or override planned terms. And this SPD is trying to do the opposite. And even the SPD recognizes this hierarchy among the documents. It states that the policy controls in the event of a conflict. And under Firestone, the silence is what preserves de novo review. And the SPD attempts to change that result, which creates a conflict. So at a minimum, that's going to create ambiguity, which under Kinsler defeats discretion in and of itself. So as a result, Unum can't... But the policy is defined as other relevant information pertaining to the plan of insurance. Why wouldn't the SPD be covered by that? The SPD is just a summary document that's required. It's not supposed to give rise to any additional terms through the complete contract clause. That's not what the policy definition says. The policy definition says other relevant information pertaining to. Do you see that? I don't think that the SPD is going to be other relevant information pertaining to the terms. The terms are what they are. It doesn't say terms. It says... You have to listen to my questions, please. Sorry. And try to answer them. I'm trying to just get information to help me resolve this appeal that has some layer of complexity. So if you would answer my questions, it would be helpful. So it says other relevant information pertaining to the plan of insurance. So just help me understand why that definition would not consume or take along with the SPD. I think that still the SPD conflicts and it's not listed in that complete contract clause. I don't think that it's something that pertains to the plan documents. It's something that just summarizes what the plan says. The authority has to flow from the plan to the summary, not the other way around. So what we're asking for is just a very narrow rule applying Amara and Firestone that where there's a complete contract clause and an amendment procedure that wasn't followed, the SPD is not part of the plan. Even if discretion existed, UNIM forfeited it because of its procedural violations. There's an independent basis for de novo review based just on those violations. The 2018 DOL regs that codified HALO require strict adherence to the regulations. And there's no prejudice requirement. There's just a de minimis exception that hasn't been followed here. Here, UNIM had never sought consultation of the MMPI-3, which is a standardized psych test. That's a clear violation with undisputed facts. UNIM's consultant, Dr. Brown, had recommended MMPI-3 testing. The claimant obtained and submitted the testing. The results were abnormal and concerning. And then UNIM never sent that testing back to Dr. Brown or any other doctor. The claims adjuster just dismissed it as not relevant. And I think that the bottom line is that determining the medical relevance of a test is inherently something that requires medical review. It shouldn't have been bypassed and skipping that step by not giving it back to the doctor. There's another independent violation of the suicide risk opinion was ignored. So here there was a treating psychiatrist that had warned that return to work posed a serious suicide risk. And the denial letters from UNIM never explained why that opinion was rejected. And this matters because suicide risk means that work is not medically safe. It's not a structural opinion. It is something that's central. It's a life and death opinion. And the denial letter needs to explain its rejection of that opinion. UNIM offered only generalized critiques of the medical records and never explained why it rejected the treating doctor's opinion about that suicide assessment. We think that where a treating provider offers an assessment that bears directly on the claimant's ability to work safely, that explanation is required. We just need clarity that the opinion falls within the scope of the reg. No other questions? Thank you, Your Honors. Thank you, Counsel. Good morning. Patrick Bagos on behalf of the Court evaluated the administrative records in a bench trial and confirmed First Union's determination after finding A, that the governing plan document clearly granted discretionary authority to First Union. B, that First Union strictly complied with the ERISA claim regulations by consulting with medical professionals on administrative appeal and by explaining why it disagreed with the views of the treating doctor on administrative appeal. The Court also found C, that First Union's determination was reasonable and supported by substantial evidence, not contrary to law. Plaintiff does not contest any of the fact findings made by the District Court below. Plaintiff does not contend that on de novo review, the District Court should have or would have overturned First Union's determination. So Plaintiff doesn't challenge any of the findings of fact that issue in this case. Regarding the grant of discretion in the plan, the case law, Firestone, in the Supreme Court and the Hobson case by this Court clearly says that the Court looks to the, quote, plan documents, unquote, to determine whether there's a grant of discretion. ERISA does not define what is or what is not a plan document. That seems to be a matter of contract construction here. And you have in the policy this integration clause. So what do we do with that? Well, there's no dispute that the policy is a plan document. But the policy here is not the only plan document. And there's clear precedent. In fact, it's in ERISA itself where it talks about a fiduciary's duty is to abide by the documents and instruments that govern the plan. So ERISA recognizes that there can be multiple instruments and documents that govern the plan. Okay. So there's a difference between the plan and the policy. But the policy says that it is all there is. The policy says... Yes, Your Honor. Sorry. I didn't mean to interrupt. I'll give you a chance to answer that. The policy says that it is the sole contract between First Union and McKinsey. We don't dispute that. Nobody's contesting that. We're not claiming that the policy was amended or that the policy needs to be amended. Here, in this case, the policy is not the sole plan document. Because the additional summary plan description information document clearly states what the plan is. It states that the plan is composed of the policy, which is a standalone document, as well as the certificate of coverage and this additional summary plan description document. Those latter two documents constitute... I'm sorry. I want to be sure I follow. Those three documents become determinative how? Because the documents declare them to be the plan. The SPD declares itself to be part of the plan. Well, the additional summary plan description document... That's the only document that declares themselves, right? Correct. And in the Eugene S. case in the Tenth Circuit... So, first of all, Silverman, in this court, held that courts often look to the SPD for plan terms. Who drafts the SPD? Did First Unum draft the SPD? It's not clear from the record. Most of the SPD is the certificate of coverage. Most of the certificate of coverage is the same as the language in the policy. How about ASPDI? Who drafts that? I think it's probably First Unum, but it's not clear from the record. That's what it looks like, and you can see why that's problematic because then it's First Unum that is determining sort of unilaterally what is part of the plan and who has discretion to make decisions under the plan. Well, plaintiff does not dispute that that document, the additional summary plan description information document, is part of the SPD. ERISA says that the employer, McKinsey, is responsible for determining what's in the SPD. There's no dispute here that the SPD, the summary plan description, contains the grant of discretion. So there's no dispute about the authenticity or the effectiveness of that document. It's clear that it's part of the SPD. Really, the only dispute is, can an SPD under Amara say that it's part of the plan? And this court has not directly... Can we ask you a question whether it can say it's part of the policy? Can language in the SPD trump the complete policy provision? I guess that's what I'm asking. It depends on what you mean by trump. I would say the SPD... We all concede that there's no grant of ambiguity in the policy, right? Can the SPD override that limitation in the policy? And if so, how? I would dispute that that's a limitation. But I will give an answer. For example, if the policy says your benefit is payable for 10 years, the SPD can't unilaterally say, well, benefits are payable for 20 years. So the SPD cannot impose obligations on the insurance company that are not in the policy. Here, where the policy does not speak to discretionary authority, which I will remind the court is not part of the insurance, it's not part of the payment of benefits, it's only an issue that arises in litigation as to what the standard of review is. Where the policy is silent on that, the SPD, especially when it is incorporated into the plan itself, can supply that term. There's multiple circuit court decisions which so hold. There's multiple district court decisions in this circuit which so hold. So it's a decision from our court, a prior decision that holds that? Not that precise holding, Your Honor. What Silverman holds, Silverman is a post-Amara case, and Silverman states that courts will look to, among other documents, the summary plan description to determine plan terms. But in Silverman, you didn't have a complete contract provision like you have here. Correct. The important thing here, Your Honor, is that there is nothing in ERISA or the case law which says the policy, an insurance policy, which provides for payment of benefits, is the plan. Now, I will grant you that in many, many cases, it's not necessary to make these kinds of distinctions between the policy and the plan. But there's nothing in ERISA that says a funding source, even if it's an important document, even if it's part of the plan as it is here, is necessarily the whole plan. And there's nothing that overrides the statement in the summary plan description which says the summary plan description is part of the plan. So you have a clear statement here as to what the plan is, and you have a clear statement in the policy as to what the policy is. But the policy is a distinct and discrete part of the plan here. So there's no conflict between the policy and the plan. And what the court needs to do, as Judge Park said, under contract interpretation, is to interpret all the terms of the plan consistently. So there's no conflict between the policy and the plan, simply because the policy does not speak to discretion, and the rest of the plan does. But you have to help me here. This is what I've addressed in this case, which is, at the end of the day, this is a contract that was drafted by sophisticated parties. And I'm not clear that I understand how you can get the SPD into the policy in light of the clause I've been hammering you with. I'm not suggesting that we get the SPD into the policy. So you're saying it can somehow be part of the plan, independent of the policy, in a way that does not conflict with the integration clause of the policy? That's your argument? Effectively, yes. The plan consists of, depending on how you want to count, two or three documents. The plan, I'm sorry, the policy and the summary plan description. And that's what the summary plan description states. In the Eugene S. case from the 10th Circuit, the case made clear that a summary plan description can be incorporated into the plan when there's clear language in the summary plan description doing so. In the 1st Circuit, the Troll case said that a summary plan description can be incorporated into a plan when there's clear language that said so. In that case, the language was not in the summary plan description. It was in a plan document. I want to be certain that I understand this. Are you therefore saying that the plan can afford an employee rights that are greater than or lesser than what the policy covers? I would not suggest that, Your Honor. All right. Then that's my concern with distinguishing the policy and the plan, which is what I understood you to be saying to Judge Parker. So in this case, the summary plan description, when it comes to discussing the benefits that are afforded, what the benefits are, how things are defined, how long they're payable for and so forth, is consistent with the policy. The additional summary plan description information document discusses procedural issues, what kind of appeal rights a claimant has, and importantly, what happens in litigation. In other words, there's a clear grant of discretion. It also says that McKinsey has the right to amend the plan at any time. If that language is enforceable, which I think it is, then clearly there's a plan that exists outside of the policy because the policy doesn't allow McKinsey to unilaterally amend it. I will point out that the plaintiff's argument here is somewhat circular. There's no question that what Firestone says is you look to the plan document to determine whether there's a grant of discretion. Hobson, this Court, says exactly the same thing. So first you need to determine what is a plan in order to determine whether there's a grant of discretion. What the plaintiff says is well, if you have a policy, the policy is necessarily the plan. It has to be, there's no alternative but the policy is the plan. But that's not what Firestone says, that's not what Hobson says. So first this Court has to determine what is a plan document. And here you have a document which says what are the plan documents. So there's nothing written in the policy or the plan. It says the policy is the only plan document. And I think as I... What is the source of definitive authority as to what the plan is? Ultimately it's the employer. In this case, give me a record cite for that. Sure. So there's a document I can go back and read and feel better. Your Honor, it's the summary plan description information document which is at confidential appendix pages 46 through 51. On page 46 it states, if this policy provides benefits under a plan which is subject to the employer with your certificate of coverage, constitute the summary plan description. The summary plan description and the policy constitute the plan. Benefit determinations are controlled exclusively by the policy, your certificate of coverage and the information in this document. Why wouldn't we say there's some language, this integration clause in the policy that says one thing and that's in tension with some language in SPD that says another thing saying that it is part of the plan. That creates an ambiguity and we typically construe ambiguities in favor of the insured. What's wrong with that logic? Because the policy literally defines what the policy is and what is in the policy. The policy nowhere defines what the plan is. So you're saying we look to ERISA to figure out what the plan is and that overrides this language that you've included in the policy about how complete the policy is. I would disagree by saying it overrides. I would say the policy helps it out. It says that you look elsewhere than the policy to determine the totality of the plan. There is abundant case law, your honor. ERISA clearly says there has to be a plan. It doesn't say what the plan has to say other than it has to provide for certain specific benefits. ERISA says that a fiduciary has to abide by the documents and instruments plural governing the plan. There is abundant case law where courts have looked at multiple documents to find what the particular court in that particular situation considers the plan. And there is abundant case law where there is a document that says this is the plan. That courts will enforce that and adopt that as the plan. But I think that there is no definitive discussion of this particular issue from our court. Your honor, Silverman, which is a post Amara case, does say that this court looks to the summary plan description to find plan terms. Silverman, I will grant you, does not address Amara. Plenty of other circuit courts have addressed Amara in this context and have held uniformly that there is nothing in Amara that precludes the summary plan description from being a part of the plan. And Amara didn't address a situation where anyone contended that the summary plan description was part of the plan. An employer in that case said that's not a plan document. It's not enforceable. Whatever promises we made in that document are not part of the plan. And you can't enforce it. And what Amara merely held was that a court can't take a non-plan document and enforce it as if it was a plan document. And I'm sorry to keep beating you up on this, but this is an issue I've wrestled with. How do you get us to look at the SPD in light of the complete contract provision? At the risk of repeating myself, your honor, what the SPD, the summary plan description, which incorporates the additional summary plan description information document, defines the plan. So the policy is a stand-alone document that's incorporated into the plan. But it's not the entirety of the plan. It's not the entirety of the plan. We are not contending in this case, nor have we ever contended in this case that there was an amendment of the policy or that the policy contains something other than what is in that complete document clause. What we have argued from the beginning is that the plan is greater than the policy. And the SPD comes along as part of the plan. Correct. And need not come along as part of the policy. Correct. And if I can note as a final point on this point, your honor, in this case the policy was issued in 1987, which was before Firestone. It has not been amended since 1987. Now that was probably a choice of McKinsey. Certainly it's the oldest First Union policy I've ever come into contact with in one of these cases. So there was no, before Firestone, there's no reason for a grant of discretionary authority to be in the policy. These days, it almost invariably is in the policy itself. But that's not required by the case law. So without necessarily adopting it, I'm just trying to understand your argument. You would have us construe the contract clause in the policy to mean as far as coverage is concerned under this policy, there's nothing except what's in this policy. But for understanding the plan, we look to the trio of documents, the policy, the certificate, and the supplemental plan document. Is that the argument? I couldn't say it better myself, your honor. Thank you. I haven't had a chance. I know I'm way over. I haven't had a chance to address any of the regulatory arguments. I'll just ask if there's any questions about that, I'm happy to answer them. But otherwise, I wouldn't. What do you contemplate when you say the regulatory argument? So plaintiff argues that even if there is a grant of discretion in the plan, which we think the court should hold. Oh, there are other medical stuff that they should have looked at? Correct. Okay. Thank you. Thank you, counsel. We'll hear about them. That complete contract clause is what maintains McKinsey's policy. I'm sorry, maintains McKinsey's control over the policy terms. It has a complete contract clause and there's an amendment procedure that wasn't followed here. If UNUM is unilaterally adding terms through the SPD without following that amendment procedure or otherwise changing the complete contract clause through an amendment, it simply can't give rise to discretion because Firestone holds that the discretion has to be in the plan term itself. It can't be given rise to from a summary document. UNUM can't unilaterally do that. From Scalia's concurrence. What's wrong with the interpretation that I just got counsel to confirm is their viewpoint that if you're looking at what the policy covers, you can't look anywhere but the terms of the policy. But if you're looking for how the plan operates, you have to look at the policy, the certificate, and the plan description document. Why would that be the correct way to look at this? I don't think that works when you have a complete contract clause. I also don't think that that works for discretion. Sure it does because the complete contract clause only applies to the policy. The complete contract clause is what creates all the plan terms and the policy is the one that has to have discretion. If there's no discretion in the policy itself, then the default under Firestone is that it's de novo. It's not a gap to be filled. It's not the technicality. It actually has to be in the policy itself for discretion to be granted. In your view, what purpose do these other two documents serve? It's there to be basically an accessible summary of the plan terms in layman's terms for a beneficiary to quickly look over and get an idea of what the policy looks like, what those terms look like. I'm not saying they're incorrect. I'm saying that they give rise or are trying to give rise to a term that doesn't exist in the policy itself. There is a conflict. Not void, but the term of discretion just doesn't, it's not given rise to anything here. It doesn't hold because of AMARA. But the policy doesn't say anything about discretion, right? Correct. The only place that you find discretion here is in the SPD. That's it. It's unilaterally adding itself to the policy. There's nothing else that's adding it to the policy but the SPD itself. So this is something that falls exactly within the rubric of AMARA, not Silverman. We're not saying that SPDs can never be part of a plan, but that Firestone and AMARA, under those cases, this plan's structure with the complete contract clause doesn't permit the discretionary authority to originate from the SPD. So I was going to say from Scalia's concurrence in AMARA, quote, an SPD is separate from a plan and cannot amend a plan unless the plan so provides. And so the authority really has to come from the actual plan document itself. It has to flow from that core plan document. And that's not the case here. And UNAM has not even argued that it's satisfied the amendment procedures. It very easily could have done that post-AMARA, and it did not. And so what's your theory about why the three documents that we are talking about don't constitute the plan? I think because of the complete contract clause that defines the policy. And it doesn't list the SPD or the certificate. The certificate and the SPD say that they are the summary plan description. So they define themselves as being the  Okay. Thank you, counsel. Thank you both. And take the case under advisement. That concludes our arguments for the day. So I'll ask the courtroom to be adjourned.